HEINE v. DICKS

———

(May 27, 1929. Opinion and Decree.)

———

George Piazza, of New Orleans, attorney for plaintiff, appellee.

L. R. Hoover, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff sues defendant, a real estate agent, for $168.75, under the following circumstances:

Plaintiff entered into an agreement to buy certain lots belonging to Miss Esther R. Denekamp, and deposited with defendant on account of the purchase price $150. Without taking title to the lots the plaintiff contracted to sell them to one H. O. Lehman, who deposited with defendant for account of plaintiff, the sum of $225, making a total deposit resulting from both transactions of $375. Neither sale was consummated. Both Miss Denekamp and Mr. Lehman agreed in writing that plaintiff should have the balance remaining from each deposit after the payment of the commission due defendant. The commission on both transactions amounted to $206.25, leaving a balance in his hands of $168.75, the amount claimed in this suit.

On the argument of the case in this court, defendant's counsel admitted that plaintiff was entitled to the balance of the Denekamp deposit remaining in defendant's hands, but, contended that she was not entitled to the remainder of the Lehman deposit, for the reason that Lehman had subsequently repudiated his written instructions with reference to paying the deposit over to plaintiff and that the defendant was entitled to be protected as against any claim which Lehman might present.

We find in the record the following over the signature of Lehman:

"The said H. O. Lehman further agrees to release the firm of Arthur Dicks of all responsibility pertaining to the above and hereby authorizes the said firm of Arthur Dicks to turn over to the said Miss Leah Heine, the deposit herein above mentioned and described."

Lehman was not called as a witness and did not intervene in the suit.

We see no reason why the balance of the Lehman deposit as well as the Denekamp balance should not be delivered to the plaintiff. The trial court was of this opinion and rendered judgment accordingly. We see no error in its judgment and consequently it is, for the reasons assigned, affirmed.